Good morning, Your Honors. My name is Brett Lewis. I'm the attorney for the appellants. I was the attorney for Carmen Boza in her bankruptcy filing. I was also the attorney for the Bozas in the district court case. This court ordered an analysis of the Ivanova case before the Supreme Court. I believe this is exceptionally appropriate because Ivanova goes to the essence of the issues relating to the current case under review. In Ivanova, the court's premise was that the borrower didn't have standing to contest the bank's claim to title, and the analysis was because at page 501 the court analyzed because a promissory note was a negotiable instrument, the borrower should anticipate that it is transferred from creditor to creditor, and the assignment merely transferred one creditor for another without changing obligations under the note. And second, the court also analyzed that any impropriety of the transfer of a promissory note only affected the parties to the transfer, not the borrower. First off, these are false premises and contrary to California law. For one, there's not just the issue of the transfer of a promissory note, Your Honors, to consider. The transfers have to be both of the deed and the trust and the promissory note. If the promissory note is not transferred with the deed of trust to the California Supreme Court in Kelly v. Upshaw, 39 Cal 2nd 179 clearly states there is a separation of the lien from the note and there's no longer the power of sale or the ability to foreclose or enforce the lien. Debt may still be owing. Also, Gomes is consistent with that because the Gomes case clearly held that the exception to the challenge to the foreclosure is if there are facts that show there is a question in the chain of title. So the concept of an impropriety of a transfer in the parties to the transaction that doesn't affect the borrower is contrary. And Jenkins is consistent with this because it cited Gomes. Secondly, what happened in Ivanova makes no sense under contract law. How could a borrower be subject to any debt if there's no privity of contract? How can a second and a third and a fourth generation creditor sit in the shoes of the original creditor if there's no privity of contract, if there's not a proper assignment under contract law? It's basic hornbook law. There are some other important California concepts to consider. The purpose of the foreclosure laws are to regulate the power of sale. And the power of sale is a creature of contract and the deed of trust. Slow down a little bit and see if I can ask you just a series of questions here. Because the way I understand it, you filed this First Amendment complaint and the district court dismissed it. And on appeal before us, you're asserting that that dismissal was improper of the quiet titles, a single claim to quiet title under California law. Is that correct? That's correct. All right. Now, I'm trying to figure out why doesn't that just fail because under the California case of Fontana Land Company versus Loeffler, a mortgager can't quiet title without paying his debt. And it doesn't appear to me that the bozos allege that they paid their debt or offered to do so. So I'm trying to see what's your best argument as to why the quiet title claim would survive? Well, it really goes to the issue of privity because in the Peterson case ---- Is it true that the bozos have not paid their debt or offered to pay their debt? Well, it's true that that was not alleged. Okay. So now you're saying because the privity somehow is relevant to the quiet title. Well, the privity is the tender obligation only exists to the proper party. There can't be a tender obligation to someone who has no obligation under the contract. But how does that matter if they haven't paid their debt or are not willing to pay their debt under Fontana? What's your best case to counter Fontana? Because, first of all, the issue is the lender's bar makes a big argument about the foreclosure statutes being a comprehensive scheme. And the foreclosure statutes make it clear that the deed of trust controls. And really what we're talking about is an issue of contract, and there's nothing in the foreclosure statute or in the scheme that requires tender as a requirement to bring a claim. And we cited the Lona v. Citibank case, where the Lona v. Citibank case cited DIMOC, where there are exceptions to the tender rule. Okay. So the next, just because there's a lot here, I'm trying to sort through it, and I want to give you every opportunity to respond. So next, you're challenging that U.S. Bank had the authority to foreclose. Is that correct? Yes. All right. And the district court determined that you don't have standing because your clients were not parties to the assignment. Is that correct? That's correct. Or third-party beneficiaries. Okay. I guess why shouldn't we look at and be persuaded by the Second Circuit's reasoning in the Rajaman case and conclude that the Bozos lack Article III standing to contest the U.S. Bank's authority to foreclose? And then, I guess most recently, this New York appellate court division in Wells Fargo v. Arraba, which your opposing counsel filed a 28-J letter on. What's your best argument? If you could just focus on that and tell me why we wouldn't be persuaded by that. Since this is the case that you are relying on primarily was interpreting New York law. Yes. Well, it was New York law insofar as it also interpreted California law as well, Your Honor. I mean, I think that the problem that we have in terms of the role of the district court and the role of the court in the context of Ivanova is different than the role of this court and the role of the district court. This court has to apply the Erie Doctrine standard. And under the Erie Doctrine, this court has to evaluate what the Supreme Court would do in this situation. Right now, this particular matter is before the Supreme Court in Ivanova. It's a different and a complete analysis that's separate and apart from the analysis that Ivanova has to go through because they are a superior court. Doesn't it seem like Ivanova is going to say that Glaske is doomed based in light of the Second Circuit's reasoning and Rajaman and then this most recent New York appellate division? Well, if that's the case, then this court one has to make a determination that Glaske should be overruled. I don't think that... No, but Glaske is just one California opinion out there. It's one, but there are others. And I guess separate and apart, let's just say standing aside, let's just look at California law that might guide us on whether or not you would be successful on U.S. Bank's authority to foreclose because it also appears under California law that you haven't alleged specific facts that U.S. Bank is not a proper foreclosing entity. Where, I guess, in the record, do you allege in the complaint that the U.S. Bank is not authorized to foreclose? And if you could point me to the specific allegations in the complaint that support this claim. Well, I believe that we do in the complaint. We allege that there is an assignment. Where? The splitting of the note and the deed of trust, document 64, first amended complaint, paragraphs 12. But those seem like conclusory sort of statements. What specific facts do you set forth? Please. What specific facts do you set forth that show that U.S. Bank is not authorized to foreclose? Well, what we did is we attached, we requested the court to take judicial notice of the 300-page pooling and services agreement, and we specified in our complaint... To take note of the pooling and services agreement. Go ahead. And we specified in our complaint that there were some inconsistencies because there were, the trust was created in 2006, and the documents conferring the deed of trust and the note were not transferred until 2012. So we allege that on that basis, U.S. Bank did not have the authority to... Well, but what, I guess, what authority supports your position? Because California law permits a note and deed of trust to be transferred without being recorded. Well, it's not a question of whether it's, I mean, the facts that we allege were that it was not done until after the trust was created. So those are the facts that we allege, and the facts that we used to support that were the documents that reflected in 2012, these things weren't done, and we also had a determination in bankruptcy that there was not a proper chain of title. We had a motion for relief from stay that was denied because they couldn't produce... Why do any of those things matter? I mean, the, with respect to the bankruptcy proceeding, wasn't that just an evidentiary issue, the failure to provide an authenticated document? How does that, you seem to want to derive some estoppel benefit from that. I don't understand how that helps you at all. Well, I mean, I think really the Ninth Circuit needs to address that issue because it's not, there has not been a judicial determination as to the res judicata effect of a denial from a motion for relief from stay. And why it's so important is because the standard on a motion for relief from stay is that you only have to show a scintilla of evidence. So all they had to do was show a grain of evidence, a grain of sand that they had some dog to throw into the fight, and they weren't able to do that. And even in the case that they recently cited, this Boyce case, Boyce v. TD Service Company, that the respondent submitted to the court, they, in that case, it says that the determination, bankruptcy court's disallowance of a claim is a final judgment and the basis for res judicata. Allowance, disallowance of a proof of claim is a final judgment for res judicata purposes. So here we had a bankruptcy where a motion for relief from stay was filed. The standard was extremely slim for them to show any kind of basis for standing. And they couldn't show it, and the court even gave them an opportunity to come back and show it, and they didn't do it. So that should give some kind of res judicata effect. Just if I could return to the quiet title action. I mean, I understand your desire to perhaps walk away from that issue, but the quiet title action has been characterized as really equitable in nature, and that's why it arguably is so important that it involve a willingness to pay the indebtedness. And you've acknowledged that there is no allegation that the indebtedness has been paid or that it will be paid. Aren't those factors sort of critical to the equitable analysis that would apply? And isn't that why the sort of black letter law, the quiet title action, will not be available to you in light of the allegations? No, not really. One, there are a couple of things I want to mention. First of all, the issue of the foreclosure has nothing to do with the debt. There's no claim that the debt does not exist. The issue of the foreclosure has to do only with the power of sale and who has the right to foreclose. And certainly a stranger to the litigation shouldn't be able to come in and say, I foreclosed and therefore I own the property, and my client should be subject to multiple lawsuits or inconsistent judgments. And there's a separate issue as well. You're just talking so quickly that you said it's separate. But in a foreclosure proceeding under state law, wouldn't U.S. Bank be required to demonstrate that they had the right to foreclose? Well, according to this judge, they don't have to do that because they don't have to show stance. In order to do it in this particular action, which you filed in federal court, which is the quiet title, I'm asking you about either a nonjudicial foreclosure or even a judicial foreclosure under California law. Well, that's the whole idea. It's a nonjudicial foreclosure. It's not a judicial proceeding, so there's no evidentiary determination as to whether they have the right or they don't have the right. And we're forgetting one important thing here as well, is that even putting aside all these arguments as to whether they paid the debt or didn't pay the debt, there's the issue of the fact that title was reconveyed to Louis Bosa. And that's a just totally separate argument here. We've made, you know, there is evidence that was submitted that title was reconveyed to Louis Bosa, and that just gets you beyond all these arguments. The court cannot summarily dismiss the fact that there was evidence that was a judicial admission that was included and filed in this case that indicated that the bank transferred title back to Louis Bosa. So that alone gets us past any of the arguments on the tender issue or the bankruptcy effect or other matters. All right. Thank you, counsel. You have about a minute left to reserve. Thank you. I'll leave the minute to the bottom. Good morning, and may it please the court. My name is Kerry Frannich. I represent U.S. Bank. I think my colleague's presentation nicely illustrates that there's really two issues that the court has to make sense of in this appeal. The first is the issue of tender, and the second is the issue of standing. I'm going to use my time to focus more on the standing issue because I think that's the more fascinating question in light of the Ivanova case that's now pending in the California Supreme Court. So do you think that we need to defer our decision in this case pending Ivanova? Your Honor, I had the same exact question when I received the court's order about two weeks ago, asking the parties to focus on the Ivanova. My knee-jerk reaction was yes. Perhaps that would be the most conservative way to deal with this, just to sit on the sideline until the California Supreme Court weighs in. The problem is that after giving it more thought, I don't think whatever the Supreme Court does in Ivanova is going to help the Bozes. And I reached that conclusion by pulling the exact question presented in Ivanova, and I don't think it's going to help the Bozes. If the court will indulge me, if I could just read it. Ivanova, the question the Supreme Court granted a review on was, in an action for wrongful foreclosure on a deed of trust securing a home loan, does the borrower have standing to challenge an assignment of the note and deed of trust on the basis of defects allegedly rendering the assignment void? Now at first glance, I can see how that sounds a lot like the case that's now before the court with the Bozes. The difference is that in the nine months that have passed since Ivanova granted review on this question, the laws changed. The Rajaman case from the Second Circuit and then the Arabobo case from last week prove that the defects that the Bozes are alleging in this particular case do not render the assignment void. So even if Ivanova answers the question affirmatively and says yes, borrowers have standing to challenge void assignments, it's not going to help the Bozes because their theory is the same one that was involved in Glaske, which is that the assignment was untimely and somehow violated a pooling and servicing agreement. But if two New York courts, one of them federal, have now said, you know what, an untimely assignment of a deed of trust is not void, it's voidable, then the Bozes are going to be no better off even if the Supreme Court in Ivanova grants borrowers standing because the substantive argument that they've advanced has been rejected. So I apologize, that's a long way of answering your question. And that's under the New York Probate and Estates Law, right? Trust and Estates Law, not under California law. That's correct. Well, Glaske, Ivanova, and I believe the Bozes too, are claiming that that's the particular law, the New York law, that is somehow violated by this. So I think New York is going to have the final word on that. I don't know whether or not the Aribobo case will eventually make it to the New York Supreme Court, but I don't see the California Supreme Court in Ivanova rendering any sort of final determination on New York law. It's helpful to evaluate the developments. I'm just wondering if, separate and aside from standing, what your view is or what your position is on this whole argument by the Bozes that U.S. Bank lacks authority to foreclose and whether it's sufficiently pled under the Gomez case, or Gomes, I guess it's Gomes, because Gomes requires the Bozes to allege a specific factual basis establishing that U.S. Bank was not authorized to foreclose on the property. And do you think there's a special factual basis there? I mean, the opposing counsel referred to me a couple of places, but I'm just trying to figure out, do we even need standing orders? Is there an alternative way to determine this? There is. There's a much simpler way, which is to just scrutinize the First Amendment complaint. And you'll see that more or less what my colleague did in drafting that was copy and paste portions of the pooling and servicing agreement into the body of the pleading. I couldn't find anywhere where they said, here's the specific section of the pooling and servicing agreement that was violated, A, and then more importantly, B, the specific facts that lead them to that conclusion. So I think your Honor is right. Another way to resolve this appeal is to stop squarely at Gomes and say specific facts have not been alleged. In fact, since Gomes was decided, there's been more recent cases, like the Fontenot decision and the Jenkins decision. They both say exactly that, that at least in California, the legislature has created this scheme where lenders, of course, have to follow certain procedures before they foreclose non-judicially. And that legislative framework is comprehensive, and it adequately balances the rights of borrowers on the one hand and lenders on the other. But if we start opening the courthouse doors to these preemptive suits based on nothing more than a conclusion that the banks lack the authority, then that legislative framework gets disrupted. Counsel, if their principal reliance is on a violation of the pooling and servicing agreement, all they have to do from their point of view is allege the relevant dates. Under that agreement, there had to be an assignment to the trust by a certain point in time. They have documents which they say indicate that the assignment came much later. And on that basis, the assignment is void. Why do they have to allege any more than that, given their theory as to why the assignment is void? Candidly, Your Honor, I suppose it might work in a state besides California. But the reason why this case is different, Your Honor, is what they've done in their complaint is they've said they've pointed to a series of assignments, and I'm giving them the benefit of the doubt. They really didn't even do this. But they pointed to a series of assignments, and they're inferring that because these assignments were recorded after the trust closed, that that's a violation. So to answer Your Honor's question, the reason why that's not enough is in California, the date the assignments were recorded is completely irrelevant. These assignments need not be recorded at all under California law. So in cases like Gomes where they require specific facts showing that the foreclosing company lacks the authority to foreclose, pointing to the date of a recording is not the specific factual basis that Gomes requires. Whereas I suppose in other jurisdictions where there's requirements to record these documents, then I suppose it might be relevant in a case like that, Your Honor. I see I'm getting close to my halfway mark on my time. If I could shift gears and address one of the questions that was raised to my colleague about the quiet title and cause of action regarding tender. I think my colleague's best argument why they shouldn't have to tender is this argument that we're not in privity. Why in the world should they be forced to pay my client as a prerequisite to filing this lawsuit if their whole theory is that my client isn't owed the money? Here's why that argument fails, Your Honors. In California, in order to plead a quiet title cause of action, the Code of Civil Procedure requires them to allege their basis for title. Here, the BOZAs admit that they obtained and signed the deed of trust. That's important because when you sign a deed of trust, you convey your title to the trustee. Well, they allege that they have title in their quiet title cause of action, but the problem is if they haven't paid the debt secured by the deed of trust, that's nothing more than a legal conclusion, a wrong legal conclusion. Because they admit signing the deed of trust, title was with the trustee. Now the second point I'd like to offer to the court in weighing that argument is more of a practical one, which is my colleagues seem to think that the court only had a choice of requiring tender to my clients or else they lose. It's not that clear cut. The court could have easily said, okay, if you think you don't owe money to my clients, just interplead the funds. Wouldn't that in itself do equity? I think, you know, the theme underlying a lot of these foreclosure cases is this idea that the bank lacks the authority to foreclose, and if they do so, there's this risk out there that they could somehow get foreclosed again or that some other creditor will come out and say, pay us, Mr. and Mrs. BOZA. Those facts are never pled in the complaint. There's no allegation that more than one party is trying to foreclose. In fact, in California, this deed of trust that's involved here, the foreclosure sales already happened. There's no possibility of that risk ever happening. The deed of trust cannot be foreclosed twice. So, you know, in terms of the quiet title cause of action and why the tender is important, there was not only a tender to our client missing, but there was never even a tender to offer to pay the funds to the court. Well, from your point of view, I mean, the standing issue may be more fascinating, but it would be your position we really should never reach it because of your theory as to why the district court adopted this as to why the quiet title action is not an available vehicle on these allegations for the BOZAs. Isn't that your basic position? You're right, Your Honor. I have to concede that. I think the standing issue is the fascinating question just because of the even though the decision that's pending in the Supreme Court. But I'm a fan of simplicity, and I think there's a far simpler way of disposing of this appeal without even wading into the standing issue at all. So I do have to concede that point, Your Honor. I see I have some time left, and I don't have anything else to add unless the court has any questions. No. Thank you, counsel. Thank you for your time. I want to add a couple of things. First of all, Glaske is good law. The court has to address Glaske until it's overturned or somehow distinguish it to the extent it applies to these facts. The complaint does allege sufficient facts. I think it would be error to suggest that it wasn't made absolutely clear that it was the inconsistency in the documents with the pulling of services agreement, and the complaint references those paragraphs in paragraph 27 and 34. And finally, even if the court doesn't agree that we have alleged sufficient facts, the issue of standing is clearly relevant to this appeal insofar as it applies to the attorney's fee issue because conversely, when it comes to the attorney's fees, they have to demonstrate that they have standing and the burden of proof is on them. So there is an issue of standing, and to the extent that the bankruptcy court and the court had three or four times to review this issue as to whether they had standing or not, and the issues of the transfer and the Glaske-type transfers, all those go to the issue of attorney's fees. Thank you. Thank you, counsel. Boza v. U.S. Bank will be submitted, and we'll take up Christie v. Bank of New York Mellon.
judges: Lipez, Wardlaw, Murguia